# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ANDERSON and KILLER WHALE HOLDINGS, LLC, a Minnesota limited liability company,<br><br>                    Plaintiffs,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC., a foreign corporation,<br><br>                    Defendant. | Civil No. 08-4726 (JRT/FLN)<br><br>**ORDER DENYING PETITION FOR INTERLOCUTORY APPEAL** |

      Thomas B. Hatch and Laura E. Nelson, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015, for plaintiffs.

      Anthony M. Mansfield and Amandeep S. Sidhu, **MCDERMOTT WILL & EMERY, LLP**, 600 Thirteenth Street NW, Washington, DC 20005; Bryan M. Webster and Joel G. Chefitz, **MCDERMOTT WILL & EMERY, LLP**, 227 West Monroe Street, Chicago, IL 60606; and Thomas A. Gilligan, Jr. and Nicholas J. O'Connell, **MURNANE BRANDT, PA**, 30 East Seventh Street, Suite 3200, Saint Paul, MN 55101, for defendant.

Plaintiffs Mark Anderson and Killer Whale Holdings, LLC filed suit against defendant Dairy Farmers of America, Inc. ("DFA"), alleging that DFA violated Section 9 of the Commodity Exchange Act ("CEA") by manipulating prices for cheese and Class III milk futures on the Chicago Mercantile Exchange ("CME"). DFA filed a motion for summary judgment, which the Court denied on September 30, 2010 ("September Order").

Pending before the Court is DFA's Petition for Interlocutory Appeal, in which DFA requests that the Court certify the September Order for immediate appeal pursuant to 28 U.S.C. § 1292(b) and to stay the proceedings pending appeal. (Docket No. 166.) For the reasons discussed below, the Court denies DFA's motion.

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A motion for certification of interlocutory appeal is "to be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994); *see also Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (interlocutory review is appropriate "only in extraordinary cases").

The basis of DFA's summary judgment motion was its theory that "evidence of its intent to influence price, without [evidence of] fraud, misrepresentation, or violation of trading rules, is insufficient to establish a CEA manipulation claim and that DFA's cheese purchases were a legitimate part of supply and demand." *Anderson v. Dairy Farmers of Am., Inc.*, Civ. No. 08-4726, 2010 WL 3893601, at *5 (D. Minn. Sept. 10, 2010). The Court disagreed, finding that "the appropriate inquiry [for a manipulation claim under the CEA] is whether the specific facts of a case to support a finding that the commodity price was determined by forces other than legitimate forces of supply and

demand and whether a defendant intended to cause that artificial price." *Id.* at \*5; *see also In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 534 (S.D.N.Y. 2008) ("[A] legitimate transaction combined with an improper motive is commodities manipulation.").

The cases cited by DFA do not persuade the Court that there is substantial ground for difference of opinion on this issue warranting an interlocutory appeal. As this Court explained in its Order, courts and the Commodity Futures Trading Commission "'generally agree that manipulation defies easy description. As a result, [CEA] manipulation cases tend to be characterized by fact-specific, case-by-case analysis.'" *Anderson*, 2010 WL 3893601, at \*4 (*quoting In re Soybean Futures Litig.*, 892 F. Supp. 1025, 1044 (N.D. Ill. 1995)). In particular, the case cited by DFA as the most recent illustration of a divergence among the courts regarding the legal standard for a manipulation claim, *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners*, *L.P.*, No. 09-20607, 2010 WL 3565192 (5th Cir. Sept. 15, 2010), does not address how the CEA defines manipulation but rather concerns a claim for common law fraud.

Moreover, an interlocutory appeal would not materially advance the ultimate termination of this litigation. Discovery has ended and this case has been placed on the Court's civil trial calendar with the expectation of a five day trial. *See Fenton v. Farmers Ins. Exch.*, Civ. No. 07-4864, 2010 WL 1006523, at \*2 (D. Minn. March 16, 2010) (concluding that an interlocutory appeal would not materially advance the ultimate termination of the litigation where there were limited issues for trial and "the parties have only six more depositions to conduct"). Since manipulation cases tend to be

characterized by a fact-intensive analysis, a fully developed factual record will benefit any future appellate review.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Petition for Interlocutory Appeal of the September 30, 2010 Order [Docket No. 166] is **DENIED**.

DATED: October 27, 2010  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge